REGAN, Senior District Judge.
 

 This matter arose out of a bankruptcy filed by the debtor, Financial Corporation, on August 18, 1975. Financial Corporation was involved in the trading of investment contracts known as repurchase agreements. Most of the claimants of the bankrupt estate were creditors who had suffered losses due to Financial Corporation’s failure to perform its obligation under these repurchase agreements. The trustee in bankruptcy objected to the claims of these creditors on the ground that they were based on contracts with respect to which the performance of the bankrupt was excused by reason of impossibility of performance. The bankruptcy court overruled this defense in an order dated December 28, 1981, (December order). In this same order, the court noted that it would soon be entering orders ruling on the allowance or disallowance of the individual claims and that the present order overruling the trustee’s defense would be incorporated by reference in these subsequent orders and therefore ap-pealable within 10 days of the entry of those orders. The bankruptcy court entered its subsequent order overruling the trustee’s objections and allowing these particular claims on February 24,1983, (February order). Eldon R. Miller, the appellant here and the chief stockholder and former president of the bankrupt corporation filed a purported notice of appeal to the district court on March 16, 1982. Miller’s notice of appeal stated that he was appealing from the order of December 28, 1981. The trustee did not appeal either the December order or the February order, nor did Miller make a demand that the trustee do so, or upon refusal obtain an order directing an appeal. The district court dismissed Miller’s appeal, holding that Miller was not an “aggrieved party” within the meaning of Section 39(c) of the old Bankruptcy Act and therefore lacked standing to appeal. Miller has now appealed to this Court.
 

 We do not reach the issue of Miller’s standing to appeal. We hold that the district court’s dismissal of Miller’s appeal was proper because Miller’s notice of appeal was untimely filed.
 

 The bankruptcy court specifically stated that for purposes of appeal, the December order would be incorporated by reference in its subsequent order ruling on the individual claims. Accordingly, we treat February 24, 1982, the date of this subsequent order, as the crucial date for determining the timeliness of Miller’s appeal.
 

 Miller filed his notice of appeal March 16, 1982, twenty days after the entry of the February order. This clearly contravenes Rule 802 of the Rules of Bankruptcy Procedure which provides that “[t]he notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from.”
 

 Miller asserts that his notice of appeal was timely filed because the bankruptcy court had earlier extended the time for filing a notice of appeal until March 16, 1982. We do not agree. On March 5,1982, the trustee filed a request for extension of time to file a notice of appeal. The bankruptcy court in ruling on this request, ordered “. .. that the requested extension be and it is hereby, granted and the
 
 movant
 
 is accordingly granted to and including March 16, 1982, in which to file
 
 his
 
 notice of appeal.” (emphasis added).
 

 Miller did not request, nor was he ever granted an extension. Clearly, the court granted the extension to the only party who requested an extension, the trustee. For
 
 *877
 
 the reasons stated, we hold that the district court’s dismissal of Miller’s appeal was proper because Miller failed to timely file his notice of appeal.
 

 The order of the district court is affirmed.